**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2809
_____

JEAN COULTER,
                                    Appellant

v.

PAUL LAURENCE DUNBAR COMMUNITY CENTER;
GRACE YOUTH AND FAMILY FOUNDATION; CATHERINE DONNELLY;
HEATHER D. DOVENSPIKE; WILLIAM M. HALLE; JOHN L. WISE, III;
DOUGLAS FROST; LEEANN MEALS; ROBERT PATER;
MATTHEW PEROTTI; CLARICE SHAY; ERIC WEIMER;
LOUISE BAULDAUF; JENNIFER R. LINN; MIN OFFSTEIN;
LINN LAW GROUP; LORRAINE J. DIDOMENICO; JOYCE KLARA;
UNKNOWN BOARD MEMBER EMPLOYED BY BUTLER AREA
SCHOOL DISTRICT; UNKNOWN BOARD MEMBER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-00125)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 1, 2016
Before:  GREENAWAY, JR., GREENBERG and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 13, 2017)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

_____

PER CURIAM

Jean Coulter appeals from the order of the District Court dismissing her amended complaint and denying her renewed motion to disqualify the District Judge. We will affirm in part, vacate in part, and remand for further proceedings.

I.

Coulter alleges that she loaned $50,000 to the now-defunct Paul Laurence Dunbar Community Center ("Dunbar") in 2013. She later filed this suit against Dunbar, several of its former officers or employees, and numerous other individuals. Coulter invoked the District Court's diversity jurisdiction, and she asserted three kinds of claims. First, she asserted a claim for breach of contract seeking repayment of the loan and interest. Second, she asserted a claim for "gross mismanagement"/negligence based on alleged mismanagement of Dunbar. Finally, she asserted a claim for fraud and civil conspiracy based on representations allegedly made to her both before and after the loan. Coulter also requested punitive damages, and she demanded $250,000.

After Coulter filed her complaint, Dunbar made an offer of judgment for $59,000 under Fed. R. Civ. P. 68. Coulter did not accept the offer. She later filed a motion to disqualify the District Judge, which the District Judge denied. Coulter then filed both an amended complaint and a renewed motion to disqualify the District Judge. Defendants moved under Fed. R. Civ. P. 12(b)(6) for dismissal of all of Coulter's claims except her claim for breach of contract against Dunbar.

2

The District Court granted defendants' motions and dismissed all of the claims on which they sought dismissal under Rule 12(b)(6). The District Court then concluded that Coulter's remaining claim for breach of the $50,000 contract did not satisfy the $75,000 amount in controversy requirement for diversity jurisdiction. See 28 U.S.C. § 1332(a).[1] Thus, the District Court dismissed her complaint for lack of jurisdiction to that extent pursuant to Rule 12(h)(3). The District Court also denied her renewed motion for disqualification as moot. Coulter filed a motion for reconsideration, which the District Court denied, and she now appeals.[2]

## II.

Coulter challenges both the District Court's dismissal of her amended complaint and its denial of her renewed motion for disqualification. We will affirm the second of those rulings but will vacate the first and remand for further proceedings.

### A. The Order of Dismissal

Our review of the order of dismissal turns on the issue of jurisdiction, which we

---

[1] Coulter sought $70,000 on this claim, including $20,000 in interest, but the amount in controversy is calculated "exclusive of interests and costs." 28 U.S.C. § 1332(a). We need not address whether the interest that Coulter seeks is the kind of interest that is excluded because, even if it is not, this claim still falls short of $75,000 by itself.

[2] We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of claims under Rule 12(b)(6) and for lack of subject matter jurisdiction. See Estate of Lagano v. Bergen Cty. Prosecutor's Office, 769 F.3d 850, 853 (3d Cir. 2014). We review the denial of disqualification for abuse of discretion. See United States v. Ciavarella, 716 F.3d 705, 717 n.4 (3d Cir. 2013).

have an independent obligation to consider. See Hartig Drug Co. v. Senju Pharm. Co., 836 F.3d 261, 267 (3d Cir. 2016). It appears that the only potential basis for jurisdiction in the District Court was diversity jurisdiction, which requires both diversity of the parties and an amount in controversy of over $75,000. See 28 U.S.C. § 1332(a).

The District Court dismissed Coulter's claim for breach of contract against Dunbar for lack of such jurisdiction. In doing so, the District Court did not address diversity of the parties, though it appears that they are diverse.[3] Instead, the District Court concluded that Coulter failed to satisfy the amount in controversy requirement because (1) the court dismissed all of her other claims under Rule 12(b)(6), and (2) her breach of contract claim sought less than $75,000.

That approach was erroneous. The amount in controversy for diversity purposes is determined as of the filing of the complaint. See Auto-Owners Ins. Co. v. Steven & Ricci Inc., 835 F.3d 388, 395 (3d Cir. 2016). Thus, the District Court either had or did not have diversity jurisdiction at that time. See Johnson v. Wattenbarger, 361 F.3d 991, 993 (7th Cir. 2004). If the District Court did not have jurisdiction, then it lacked jurisdiction to dismiss claims on the merits under Rule 12(b)(6). See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); Johnson, 361 F.3d at 993. If the District Court had

---

[3] Coulter alleged that defendants are residents of Pennsylvania and that she is a resident of New Jersey, but she uses a Pennsylvania mailing address. For that reason, the District Court directed the parties to address their states of domicile. Coulter submitted documentation that she is a New Jersey citizen, and the District Court evidently was satisfied because it did not address the issue further.

4

jurisdiction, by contrast, then its subsequent dismissal of some claims did not divest it of jurisdiction over Coulter's remaining claim. "When diversity exists at the time the case is filed, it is not affected by the dismissal of one of the claims even though the amount recoverable on the remaining claim is less than the required [$75,000]." Lindsey v. M.A. Zeccola & Sons, Inc., 26 F.3d 1236, 1244 n.10 (3d Cir. 1994); see also Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 63-64 (2d Cir. 1999) (collecting cases, including Lindsey, in applying that "majority rule").

Thus, we will vacate the District Court's dismissals under both Rule 12(b)(6) and for lack of jurisdiction and will remand for the District Court to consider in the first instance whether Coulter's claims satisfied the amount in controversy requirement as of the filing of her complaint.

We note that the Rule 12(b)(6) standard plays no role in that inquiry. In determining the amount in controversy, "the sum claimed by the plaintiff controls" unless it "appear[s] to a legal certainty" that the plaintiff cannot recover that amount. Auto-Owners Ins. Co., 835 F.3d at 395 (emphasis added) (quotation marks omitted). That inquiry is not governed by the Rule 12(b)(6) standard. As we have explained:

> [T]he question whether a plaintiff's claims pass the "legal certainty" standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims. The court should not consider in its jurisdictional inquiry the legal sufficiency of those claims or whether the legal theory advanced by the plaintiff is probably unsound; rather, a court can dismiss the case only if there is a legal certainty that the plaintiff cannot recover [the jurisdictional amount].

Suber v. Chrysler Corp., 104 F.3d 578, 583 (3d Cir. 1997). Thus, "the 'threshold to

5

withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(1)[4] is . . . lower than that required to withstand a Rule 12(b)(6) motion.'" Id. (quoting Lunderstadt v. Colafella, 885 F.2d 66, 70 (3d Cir. 1989)); see also Johnson, 361 F.3d at 993 ("'Impossibility differs from the standard under Rule 12(b)(6).")." Under the Rule 12(b)(1) standard, a claim fails to invoke the District Court's jurisdiction only if it is "wholly insubstantial and frivolous." Lunderstadt, 885 F.2d at 70 (quotation marks omitted).

In this case, Coulter demanded $250,000 in damages. Coulter based that demand on all of her claims and on her request for punitive damages, and it satisfies the amount in controversy requirement on its face. Thus, the District Court has and should exercise diversity jurisdiction if it is legally possible that any of her claims could yield the jurisdictional amount.

We further note that at least one of Coulter's claims appears to qualify. Coulter's amended complaint can be read to assert a claim that Dunbar fraudulently induced her to enter into the loan agreement. As the District Court noted, a claim for fraud under Pennsylvania law requires, inter alia, a fraudulent misrepresentation on which the plaintiff relied. See Delahanty v. First Pa. Bank, N.A., 464 A.2d 1243, 1252 (Pa. Super. Ct. 1983). The District Court concluded under Rule 12(b)(6) that Coulter failed to state a claim for fraudulent inducement because all of the misrepresentations she alleged

---

[4] The District Court dismissed Coulter's breach of contract claim against Dunbar under Rule 12(h)(3) rather than on a motion by a defendant under Rule 12(b)(1), but the difference between the two rules is merely procedural. See Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 879 n.3 (3d Cir. 1992).

occurred after she already had made the loan.

That is not the case. Coulter alleged in her amended complaint that, before she agreed to the loan, she had discussions with defendant Catherine Donnelly, Dunbar's former Executive Director, regarding why Dunbar needed the money and how Dunbar would use it. (ECF No. 29 at 8-9 ¶¶ (1) and (2).) She further alleged that Donnelly's representations in that regard were false, and she later referred to "deceptions related to the source of [Dunbar's] supposed cash flow problems (at the time of the initial discussions about the loan)[.]" (Id. at 23 ¶ (2).)

Indeed, even the Dunbar defendants recognized in their motion to dismiss that "it appears that the plaintiff claims that she was misled into making the loan[.]" (ECF No. 33 at 3.) They argued that this claim was deficient because Coulter did not allege any specific misrepresentation, but mere legal insufficiency does not constitute legal impossibility, see Suber, 104 F.3d at 583, and the failure to adequately plead a claim is the kind of defect that can be cured by amendment even under Rule 12(b)(6).

That point aside, we see nothing suggesting that Coulter's claim for fraudulent inducement is legally certain to fail. We also see nothing suggesting that Coulter is legally certain to recover less than the jurisdictional amount given the apparent availability of punitive damages on this claim, which must be considered in determining the amount in controversy. See Delahanty, 464 A.2d at 1262; Golden ex rel. Golden v. Golden, 382 F.3d 348, 356-57 (3d Cir. 2004), abrogated in part on other grounds by Marshall v. Marshall, 547 U.S. 293 (2006); Packard v. Provident Nat'l Bank, 994 F.2d

7

1039, 1046 (3d Cir. 1993).

Nevertheless, the parties have not briefed this issue on appeal, and the District Court did not give them an opportunity to address it below as it should have done. See Huber v. Taylor, 532 F.3d 237, 249 (3d Cir. 2008). Thus, we will vacate and remand for the District Court to determine its jurisdiction in the first instance. We express no opinion on the District Court's rulings under Rule 12(b)(6). If the District Court concludes that it has jurisdiction, however, then the District Court should expressly address Coulter's fraudulent inducement claim as discussed above, including the possibility of amendment, before dismissing it under Rule 12(b)(6) again.

### B.    Disqualification

Coulter also challenges the denial of her renewed motion to disqualify the District Judge, and she requests that we direct the reassignment of this case to a different District Judge on remand. Coulter argues that the District Judge's "impartiality might reasonably be questioned" for three reasons. 28 U.S.C. § 455(a). Those arguments lack merit.

First, she argues that the District Judge imposed unreasonably short deadlines on her. As defendants argue, however, the District Judge imposed the same short deadlines on them that he imposed on Coulter. For example, the District Judge gave Coulter only 10 days to respond to defendants' motions to dismiss her amended complaint, but he previously gave defendants only seven days to respond to that amended complaint. (ECF No. 30.) Thus, the District Judge's scheduling decisions merely reflect a desire to move

the  case along, not to confer a benefit on any side.[5]

Second, Coulter argues that the District Judge denied her requests for discovery. Those rulings do not suggest partiality because Coulter's requests for discovery at the pleading stage were premature for the reasons that the District Judge explained.

Finally, Coulter argues that the District Judge ordered her to register and file electronically through the CM/ECF system.  As Coulter notes, the District Court's local rules exempt pro se litigants from electronic filing requirements.  See W.D. Pa. Civ. R. 5.5.  The District Judge's order that Coulter file electronically, however, does not suggest partiality under the circumstances presented here.  Coulter continued to file in paper despite that order, but the District Judge did not penalize her for doing so.  If the District Judge's order were motivated by partiality, then one would expect the District Judge to have imposed some consequence when Coulter failed to comply.  Instead, the District Judge accepted Coulter's subsequent paper filings and thus permitted her to file in paper as pro se litigants typically are permitted (and often are required) to do.

These substantive arguments aside, Coulter also argues that the District Court abused its discretion by waiting to rule on her renewed motion for disqualification until it already had decided to dismiss her complaint and then denying her motion as moot. Taking that approach was not ideal.  After all, the purpose of Coulter's motion was to

---

[5] We recognize that uniform application of expedited deadlines may tend to disadvantage a pro se litigant where, as here, the opposing parties are represented by counsel.  As the District Judge was aware, however, Coulter is an experienced and sophisticated litigant by pro se standards.  The District Judge also granted one of her requests for an extension.

prevent the District Judge from ruling on her amended complaint in the first place. Nevertheless, Coulter's renewed motion was largely duplicative of her initial motion, the District Court previously explained its reasons for denying her initial motion on the merits, and the District Court again referenced those reasons in its opinion supporting its order of dismissal. Coulter's substantive arguments also lack merit as discussed above. Thus, the District Court's denial of Coulter's motion ultimately was not an abuse of discretion and does not itself give rise to an appearance of partiality.

## III.

For these reasons, we will affirm the District Court's denial of Coulter's renewed motion for disqualification but will vacate the District Court's dismissal of her complaint and will remand for further proceedings.