**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2868 & 17-3495 (consolidated)
_____

JEAN COULTER,
                                        Appellant

v.

PAUL LAURENCE DUNBAR COMMUNITY CENTER;
GRACE YOUTH AND FAMILY FOUNDATION; CATHERINE DONNELLY;
HEATHER D. DOVENSPIKE; WILLIAM M. HALLE; JOHN L. WISE, III;
DOUGLAS FROST; LEEANN MEALS; ROBERT PATER; MATTHEW PEROTTI;
CLARICE SHAY; ERIC WEIMER; LOUISE BAULDAUF; JENNIFER LINN;
THE LINN LAW GROUP; MIN OFFSTEIN; LORRAINE J. DIDOMENICO;
JOYCE KLARA; UNKNOWN BOARD MEMBER EMPLOYED BY BUTLER
AREA SCHOOL DISTRICT; UNKNOWN BOARD MEMBER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Action No. 2:16-cv-00125)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2019

Before: CHAGARES, BIBAS and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 19, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Jean Coulter appeals from the judgment of the United States District Court for the Western District of Pennsylvania dismissing her complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b). For the following reasons, we will affirm in part and vacate in part.

Because we write primarily for the parties, we will only recite the facts necessary for our discussion. In February 2016, Coulter initiated this action against the now-defunct Paul Laurence Dunbar Community Center ("Dunbar Center"), the Grace Youth and Family Foundation, the Linn Law Group, and various individuals, relating to a $50,000 loan she made to the Dunbar Center. The Dunbar Center then filed an offer of judgment in the amount of $59,000, pursuant to Federal Rule of Civil Procedure 68, which Coulter did not accept. The defendants moved to dismiss her complaint, and Coulter filed a motion for recusal, which was subsequently denied. Coulter then filed an amended complaint.

The named defendants, in two groups, then filed motions to dismiss all the claims in the amended complaint except the breach of contract claims against the Dunbar Center. Coulter filed a renewed motion for recusal. The District Court granted the motions to dismiss, and, after dismissing all the claims on which they sought dismissal, dismissed what remained for lack of subject-matter jurisdiction. In its order, the District Court also denied Coulter's motion for recusal as moot. Coulter appealed, and we vacated and remanded for the District Court to consider whether Coulter's state law claims could satisfy the amount in controversy requirement in order to establish diversity jurisdiction. See

2

Coulter v. Paul Laurence Dunbar Cmty. Ctr., 685 F. App'x 161 (3d Cir. 2017). Addition-

ally, we determined that Coulter's amended complaint included a claim for fraudulent in-

ducement, and, while not expressing an opinion on the District Court's ruling under Rule

12(b)(6), instructed the Court to "expressly address Coulter's fraudulent inducement claim

. . . including the possibility of amendment, before dismissing it under [Federal] Rule [of

Civil Procedure] 12(b)(6)." Id. at 166.

On remand, the District Court concluded that it had diversity jurisdiction over Coul-

ter's claims and ordered the defendants to respond to Coulter's amended complaint. The

named defendants, in two groups, filed renewed motions to dismiss all the claims in the

amended complaint except the breach of contract claim against the Dunbar Center. The

District Court, considering the motions and response, as well as our earlier opinion, granted

the defendants' motions, dismissing all claims except the breach of contract claim asserted

against the Dunbar Center.[1] The District Court determined that allowing Coulter to further

---

[1] The District Court concluded that Coulter's allegations in her amended complaint failed to state a claim as to all claims except her breach of contract claim against the Dunbar Center. The Court determined that she had failed to set forth any factual allegations against the individually named defendants, as she stated only that they were "responsi-ble" for all claims presented. See Connelly v. Lane Constr. Corp., 809 F.3d 780, 789–90 (3d Cir. 2016). The Court concluded that Coulter failed to state a claim against the Linn Group since she, similarly, failed to set forth any factual allegations connecting this de-fendant to any of her claims. The Court further held that Coulter failed to state a breach of contract claim against any of the defendants, except the Dunbar Center, since she failed to set forth a plausible basis for holding the other defendants liable for her loan agreement with the Dunbar Center. Additionally, the District Court held that Coulter did not have standing to bring any claim for gross negligence or gross mismanagement. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992). The District Court also dis-missed Coulter's claim for fraud in the inducement on the basis that she failed to plead her claim with particularity, as required by Federal Rule of Civil Procedure 9. Finally, the District Court concluded that Coulter failed to state a civil conspiracy claim, since she

3

amend her complaint would be futile. Coulter filed a motion for reconsideration of the Court's dismissal order and a second renewed motion for recusal, which were both denied by the District Court. Two days after the District Court's denial, the Dunbar Center filed a motion to dismiss for failure to prosecute. While that motion was pending, Coulter filed a notice of appeal, which opened C.A. No. 17-2868. The District Court granted the Dunbar Center's motion and dismissed Coulter's remaining claim for failure to prosecute. Coulter again filed a motion for reconsideration, which the District Court denied. Coulter then filed another notice of appeal, which opened C.A. No. 17-3495. The two pending appeals have been consolidated for disposition.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review over the District Court's decision to grant a motion to dismiss. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). We review the dismissal for failure to prosecute and the imposition of Rule 16 sanctions for abuse of discretion. Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008); Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 237 (3d Cir. 2007).

---

failed to allege an underlying tort claim. See Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 405–06 (3d Cir. 2000).

[2] When Coulter filed her first appeal, her breach of contract claim against the Dunbar Center remained pending in the District Court, and thus her appeal was from a nonfinal order. See Fed. R. Civ. P. 54(b); Hill v. City of Scranton, 411 F.3d 118, 124 (3d Cir. 2005). However, she took her later appeal from the District Court's final judgment, and a challenge to that order allows her to challenge the District Court's earlier decisions. See McAlister v. Sentry Ins. Co., 958 F.2d 550, 552–53 (3d Cir. 1992).

4

First, Coulter challenges the District Court's dismissal of her claims of fraud in the inducement.[3]  Under Pennsylvania law, a plaintiff alleging fraud in the inducement must prove the following elements:  "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance."  Eigen v. Textron Lycoming Reciprocating Engine Div., 874 A.2d 1179, 1185 (Pa. Super. Ct. 2005) (citation and quotation marks omitted).  In federal court, a plaintiff additionally must comply with Federal Rule of Civil Procedure 9, which requires that "a party must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b); see also In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 347 (3d Cir. 2010) (discussing the "heightened pleading requirement[s]" of Rule 9(b)).  Specifically, a plaintiff must allege "'the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation' and must state 'the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged.'"  Shuker v. Smith & Nephew, PLC, 885 F.3d

---

[3] On appeal, Coulter devotes the majority of her brief to arguing that the District Court erred in dismissing her fraud and breach of contract claims.  Though Coulter briefly mentions the District Court's rulings regarding the dismissal of her other claims, she does not present an argument regarding these claims.  Therefore, Coulter has waived any arguments regarding these claims on appeal.  See Travitz v. Northeast Dep't ILGWU Health & Welfare Fund, 13 F.3d 704, 711 (3d Cir. 1994); Fed. R. App. P. 28(a)(8).  However, we note that Coulter's additional claims were properly dismissed, substantially for the reasons provided by the District Court.  See supra n.1; Dkt # 69, at 5–13.

760, 778 (3d Cir. 2018) (quoting <u>Frederico v. Home Depot</u>, 507 F.3d 188, 200 (3d Cir. 2007)).

We agree with the District Court's conclusion relating to Coulter's allegations about the Dunbar Center's "deceptions related to the source of the supposed cash flow problems." Dkt # 29, at 23. This statement alone is insufficient since Coulter has not indicated what the misrepresentation was (or whether it was actually made by the defendant; she instead seems to state she determined, on her own, that the Dunbar Center was experiencing cash flow problems). <u>See</u> <u>id.</u> at 9. Additionally, Coulter failed to state a claim regarding the agreement that the loan would cover the Dunbar Center's standard operating procedures. We agree with the District Court that "whether or not the complained-of expenses are part of the Dunbar Center's 'standard operations' is a matter of contract interpretation—not fraud." Dkt # 69, at 12.

However, the District Court failed to consider a second, related claim of fraud in the inducement based on Coulter's claim that the Dunbar Center engaged in fraud by stating that its Board had approved the loan. Related to that claim, Coulter sufficiently pleaded many of the elements of fraud in the inducement. She alleged that Catherine Donnelly, the Dunbar Center's then-acting Executive Director, in a July 30, 2013 phone call, made a false representation that the Board had approved the loan. Coulter alleged that she later determined that the Board was not aware of the presence of the loan, and was instead led to believe that the amount was a donation. <u>See</u> dkt # 29, at 10. She alleged intent, stating that Donnelly had previously told Coulter that Donnelly needed approval from the Board before she could finalize the loan, <u>see</u> <u>id.</u> at 9; and justifiable reliance, stating that Coulter

6

entered into the loan agreement with the executive director of the Dunbar Center, see id. at 11.

However, Coulter did not plead the element of materiality, as she has not alleged that she would not have entered into the agreement had she believed at the time that the Board did not know of the loan agreement.[4] Eigen, 874 A.2d at 1186 ("A misrepresentation is material if the party would not have entered into the agreement but for the misrepresentation."). Furthermore, Coulter did not plead with particularity that her injury was proximately caused by her reliance on the misrepresentation. Instead, Coulter appears to allege that the injury caused by the misrepresentation was what she believes was a mismanagement of finances, leading to the eventual closure of the Dunbar Center. Coulter has not, however, alleged that the misrepresentation led to the Dunbar Center's failure to repay the loan.

Therefore, we agree that the District Court properly dismissed Coulter's fraud in the inducement claims. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam) ("W[e] may affirm the District Court's judgment on any basis supported by the record."). However, the District Court erred in dismissing the claims with prejudice, since, "[i]n most instances where plaintiffs fail to plead fraud with particularity . . . district courts should dismiss the fraud claim 'with leave to amend the deficient pleading.'" Shuker, 885 F.3d at 779. As noted above, our prior opinion in this case instructed the District Court to consider

---

[4] However, Coulter appears to argue on appeal that she would not have entered into the loan agreement had she known that the Board was not aware of their obligation to repay the loan. Appellant's Brief, at 12.

the possibility of amendment as to Coulter's fraudulent inducement claim. A review of Coulter's response to the defendants' renewed motions to dismiss shows that Coulter requested the opportunity to further amend her complaint. Although the District Court determined that amendment would be futile as to one of Coulter's fraudulent inducement claims, the District Court did not consider whether she could amend to state a fraudulent inducement claim based her assertion that the Dunbar Center falsely represented that its Board had approved the loan. And while we do not express any opinion about whether Coulter will state a claim, as we explained in our prior opinion, when we considered the same complaint, "we see nothing suggesting that Coulter's claim for fraudulent inducement is legally certain to fail." Coulter, 685 F. App'x at 165. Therefore, in light of our prior instructions and Coulter's request, Coulter should be given one additional opportunity to amend. Accordingly, we will vacate the dismissal of the fraud in the inducement claims to the extent that it was with prejudice and without leave to amend.

Additionally, Coulter challenges the District Court's dismissal of her breach of contract claim for failure to prosecute. Before dismissing for failure to prosecute, a district court must balance: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). Our function is to determine whether the District Court properly balanced the Poulis factors and whether

8

the record supports its findings.  See Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989) (citing Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir.1988)).

Although we appreciate the District Court's efforts to analyze the Poulis factors, we conclude that the District Court abused its discretion in imposing the harsh sanction of dismissal under the facts of this case.[5]  See Dyotherm Corp. v. Turbo Mach. Co., 392 F.2d 146, 148–49 (3d Cir. 1968) (explaining that "[d]ismissal is a harsh sanction which should be resorted to only in extreme cases").

The District Court properly noted that Coulter is "solely responsible for the progress of [her] case," as she proceeded pro se.  See Briscoe, 538 F.3d at 258–59.  The District Court also properly noted that Coulter's failure to attend a case management conference (and her failure to contact the Court or the Dunbar Center regarding her absence), did prejudice the Dunbar Center's ability to shape its litigation strategy and prevented the case from moving forward.  However, because the Dunbar Center represented that it was prepared to seek summary judgment and does not appear to have incurred significant expenses, the prejudice was not especially great.  See id. at 259 (explaining that prejudice includes, inter alia, "the inevitable dimming of witnesses' memories," and "the excessive and possibly irremediable burdens or costs imposed on the opposing party") (quotation marks and citation omitted).  There is also evidence in the record of Coulter's failure to

_____

[5] Coulter argues on appeal that the District Court lacked jurisdiction to dismiss the breach of contract claim.  However, as the District Court determined, it had diversity jurisdiction over Coulter's claims.  See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989).

9

comply with court imposed deadlines and orders, including an objectionable failure to comply with the District Court's order for the parties to conduct a Rule 26(f) conference. However, Coulter's delay was not extensive or without explanation. Cf. Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders.").

Furthermore, the District Court's finding regarding bad faith is undermined by Coulter's repeated explanations that she had difficulty in complying with the Court's filing deadlines and was unable to register for CM/ECF as ordered to by the District Court. Although her explanation for her absence at the case management conference was tardy, she did state in her motion for reconsideration that her absence was inadvertent and that she only realized that she had missed the conference after the Court had entered its dismissal order. See dkt # 88, at 1–3. The evidence in the record supports the conclusion that at least some of her actions resulted from negligence and inadvertence more than willfulness. See Briscoe, 538 F.3d at 262 ("Generally, '[w]illfulness involves intentional or self-serving behavior.' If the conduct is merely negligent or inadvertent, we will not call the conduct 'contumacious.'") (internal citations omitted) (quoting Adams, 29 F.3d at 875 and citing Poulis, 747 F.2d at 868–69). Additionally, it is not clear to us why the District Court concluded that monetary sanctions would not have been effective as an alternative to dismissal.

Lastly, although the District Court ruled that the sixth factor favors the Dunbar Center, the sixth factor cuts at least both ways. No one disputes that Coulter states a claim for

breach of contract. There is a question whether the claim would survive summary judgment, because the Dunbar Center asserted that it would raise the defense of full performance at summary judgment (based on its previous attempt to repay the loan in full). However, Coulter countered that argument, claiming that Dunbar Center has, at best, only partially complied with the contract, as she continues to assert her right to collect interest on the principal amount. As the record on this issue is not developed and the matter is not before us, we express no opinion on what the ultimate outcome should be. We only note that it is not clear at this point which has greater merit, the claim or the defense.

Therefore, although we agree with the District Court that Coulter's conduct fell short of what can be reasonably expected of a litigant, on balance, under the particular factual circumstances of this case, it was an abuse of discretion to impose the extreme and harsh penalty of dismissal. We will vacate the District Court's order dismissing Coulter's breach of contract claim, and allow the District Court to decide if a lesser sanction is appropriate.

However, we conclude that the District Court did not abuse its discretion in awarding reasonable attorney fees and costs to the Dunbar Center. Pursuant to Federal Rule of Civil Procedure 16, the District Court is required to impose reasonable attorney fees and costs incurred because of a party's noncompliance with the Court's case management orders, *unless* the District Court "finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." Tracinda Corp., 502 F.3d at 241. Though Coulter's absence at the case management conference may not have been willful or in bad faith, the District Court previously warned Coulter that failure to comply

11

with its orders would result in the imposition of sanctions. Therefore, and given that the District Court has "very broad discretion . . . to 'use sanctions where necessary' to ensure compliance with pretrial orders," we affirm the District Court's imposition of sanctions pursuant to Rule 16. See id. at 242 (quoting In re Sanction of Baker, 744 F.2d 1438, 1440 (10th Cir. 1984).

To the extent that Coulter challenges the orders denying her motions for recusal pursuant to 28 U.S.C. § 455, we review these decisions for abuse of discretion, see In re Kensington Int'l Ltd., 368 F.3d 289, 300–01 (3d Cir. 2004), and find none.

For the foregoing reasons, we will affirm in part, vacate in part, and remand the matter for proceedings consistent with this opinion.