BLD-231                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2396
_____

IN RE:  JEAN COULTER,
                                          Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2:16-cv-00125)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 11, 2019
Before:  AMBRO, KRAUSE, and PORTER, Circuit Judges

(Opinion filed July 15, 2019)
_____

OPINION[*]
_____

PER CURIAM

Pro se petitioner Jean Coulter seeks a writ of mandamus.  Because Coulter has not

demonstrated that she is entitled to such relief, we will deny her petition.

In February 2016, Coulter filed a complaint against the now-defunct Paul

Laurence Dunbar Community Center ("Dunbar Center"), the Grace Youth and Family

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Foundation, the Linn Law Group, and various individuals, making allegations related to a $50,000 loan she made to the Dunbar Center. Coulter filed a motion for recusal, which was denied, and was later permitted to amend her complaint. The District Court thereafter granted the defendants' motion to dismiss and denied Coulter's renewed motion for recusal as moot. Coulter moved to amend the findings and filed a third motion for recusal; both requests were denied by the District Court. Coulter appealed the District Court's dismissal. On appeal, we vacated and remanded to the District Court, but we affirmed the District Court's denial of Coulter's motion for recusal. See Coulter v. Paul Laurence Dunbar Cmty. Ctr., 685 F. App'x 161 (3d Cir. 2017).

On remand, the District Court granted in large part the defendants' motion to dismiss, but it allowed Coulter's breach of contract claim against the Dunbar Center to go forward. Coulter then again renewed her motion for recusal, which the District Court denied. The remaining defendant thereafter filed a motion to dismiss for failure to prosecute, which the District Court granted. Coulter appealed, and we affirmed in part, vacated in part, and remanded for further proceedings. See Coulter v. Paul Laurence Dunbar Cmty. Ctr., 765 F. App'x 848 (3d Cir. 2019).

On remand for the second time, Coulter filed a second amended complaint. The defendants filed a motion to dismiss, which Coulter opposed. The District Court then requested further briefing on Coulter's fraudulent inducement claim. Coulter then filed a motion for recusal and for a stay of the proceedings. The following day, the District

2

Court entered an order dismissing Coulter's second amended complaint in part. Three days later, the District Court entered an order denying Coulter's motion for recusal.

Coulter now presents a petition, and amended petition, for a writ of mandamus. Coulter seeks an order requiring the District Judge's recusal and requests that the District Judge's June 11, 2019 order, dismissing her second amended complaint in part, be "overturned." Amended Mandamus Pet. at 6. Coulter argues that the District Judge is biased against her, alleging that he "improperly assumed the role of Lead Counsel for [the] Defendants," id. at 5, issued highly biased decisions, delayed consideration of her motions to recuse until ready to dismiss her claims, and instructed the defendants to brief a precise issue.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner must ordinarily have no other means to obtain the desired relief, and must show a clear and indisputable right to issuance of the writ. See In re Sch. Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992) (citing Will v. United States, 389 U.S. 90, 96 (1967)). We may consider on mandamus whether a District Judge is obligated to recuse under 28 U.S.C. § 455. See In re Kensington Int'l Ltd., 353 F.3d 211, 219–20 (3d Cir. 2003).[1] Coulter has not shown that she is entitled to an order requiring the District Judge's recusal, however.

---

[1] Mandamus does not lie, however, to review the denial of a recusal motion pursuant to

Section 455(a) of title 28 provides that: "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) provides that a judge shall also disqualify himself where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(b)(1). Coulter's allegations of bias do not require the District Judge's disqualification. Instead, Coulter's complaints are based on ordinary judicial decision-making, and we have repeatedly held that mere dissatisfaction with rulings does not warrant recusal. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Additionally, upon review of the record, we cannot say that a reasonable person would conclude the District Judge's impartiality could reasonably be questioned. See In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004).

Coulter's argument that the District Judge improperly instructed the defendants to brief on the issues of materiality and proximate cause lacks merit. Our second remand order specifically discussed Coulter's failure to plead those elements of her fraudulent inducement claim. Therefore, the District Judge's request for briefing on these issues would not lead a reasonable onlooker to question the Judge's impartiality. Additionally, Coulter's argument about the timing of the District Judge's decision lacks merit. The

28 U.S.C. § 144. See In re Sch. Asbestos Litig., 977 F.2d 764, 776 (3d Cir. 1992).

4

District Judge's dismissal order was entered the day after Coulter's recusal motion was filed. The District Judge then promptly ruled on the pending recusal motion, just three days later. Nothing about this timing would lead a reasonable person to question the District Judge's impartiality.

To the extent that Coulter attempts to relitigate her claims by requesting that we vacate the District Judge's order, relief is not available because mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380–81 (2004).

Accordingly, we will deny the petition for a writ of mandamus.