**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1164
_____

JEAN COULTER,
                                        Appellant

v.

PAUL LAURENCE DUNBAR COMMUNITY CENTER; GRACE YOUTH AND FAMILY
FOUNDATION; CATHERINE DONNELLY; HEATHER D. DOVENSPIKE; WILLIAM M.
HALLE; JOHN L. WISE, III; DOUGLAS FROST; LEEANN MEALS; ROBERT PATER;
MATTHEW PEROTTI; CLARICE SHAY; ERIC WEIMER; LOUISE BAULDAUF;
JENNIFER LINN; JENNIFER LINN & ASSOCIATES; MIN OFFSTEIN; LORRAINE J.
DIDOMENICO; JOYCE KLARA; UNKNOWN BOARD MEMBER EMPLOYED BY
BUTLER AREA SCHOOL DISTRICT; UNKNOWN BOARD MEMBER

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:16-cv-00125)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 7, 2021
Before: CHAGARES, PHIPPS, and COWEN, Circuit Judges

(Opinion filed July 8, 2021)
_____

OPINION*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

_____

PER CURIAM

Pro se appellant Jean Coulter appeals from the judgment of the United States District Court for the Western District of Pennsylvania, rejecting her claim for fraud in the inducement. For the following reasons, we will affirm.

The history of this case is set forth in two of our prior opinions, Coulter v. Paul Laurence Dunbar Cmty. Ctr., 685 F. App'x 161 (3d Cir. 2017), and Coulter v. Paul Laurence Dunbar Cmty. Ctr., 765 F. App'x 848 (3d Cir. 2019). Accordingly, and because we write primarily for the parties, we will only recite the facts necessary for our discussion. In May 2019, Coulter filed a second amended complaint, raising claims relating to a $50,000 loan that she made to the now-defunct Paul Lawrence Dunbar Community Center (" the Dunbar Center" or "the Center"). (ECF 100.) In addition to the Dunbar Center, Coulter named as defendants the Center's Executive Director, Catherine Donnelly, the Grace Youth and Family Foundation, the Linn Law Group, and various individuals. Coulter alleged that she was fraudulently induced into (1) providing a loan to the Dunbar Center; (2) discontinuing the accruing of interest on the loan; and (3) delaying legal action. Coulter also asserted that the Dunbar Center breached its contract by failing to repay the principal and accrued interest on the loan.

The defendants filed a motion to dismiss. (ECF 109 & 110.) The District Court granted that motion in part and denied it in part, dismissing the majority of Coulter's claims but concluding that her allegations, accepted as true, stated claims that she was

2

fraudulently induced into providing an interest-free loan and that the defendants breached the contract related to that loan. (ECF 120.) The defendants next filed a motion for judgment on the pleadings. (ECF 166 & 167.) The District Court granted that motion in part and denied it in part, dismissing the remaining fraudulent inducement claim as to all defendants with the exception of the Dunbar Center, Donnelly, and the Grace Youth and Family Foundation, an organization which, according to Coulter, comingled its assets with those of the Dunbar Center. (ECF 178.) The defendants filed a motion for summary judgment, (ECF 299 & 300), which the District Court granted in part and denied in part. (ECF 310 & 311.) In particular, the District Court concluded that the Dunbar Center breached its contract and granted judgment in favor of Coulter in the amount of $50,000.[1] See Fed. R. Civ. P. 56(f)(1). But the District Court granted the defendants' motion for summary judgment as to Coulter's fraudulent inducement claim. Coulter filed a timely motion under Federal Rule of Civil Procedure 59(e) (ECF 318), which the District Court denied. (ECF 340.) Coulter timely appealed. (ECF 342.)

We have jurisdiction under 28 U.S.C. § 1291.[2] "We review district court decisions regarding both summary judgment and dismissal for failure to state a claim

---

[1] The District Court held, however, that Coulter was not entitled to recover interest on the loan because the agreement was for an interest-free loan. (ECF 310, at 23 n.13.) Coulter has not meaningfully challenged that determination on appeal. See Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that claims were forfeited where appellant failed to raise them in her opening brief).

[2] The Appellees argue that our jurisdiction is limited to only the order granting in part their motion for summary judgment. See Appellees' Br. at 7-8. We disagree. We also

3

under the same de novo standard of review." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). We also review the grant of a motion for judgment on the pleadings under a plenary standard. Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008); see also Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004) (holding that the standards governing Rule 12(c) motions are the same ones that govern motions to dismiss under Rule 12(b)(6)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

Under Pennsylvania law, a plaintiff alleging fraud in the inducement must prove the following elements by clear and convincing evidence: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its

---

have jurisdiction over the orders addressing the motion to dismiss and the motion for judgment on the pleadings. See Phelps v. Kapnolas, 123 F.3d 91, 93 (2d Cir. 1997) (explaining that order "which dismissed the complaint as to five of the original defendants … was not a final order, and therefore, [plaintiff] could not appeal it until final judgment was entered …."); McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992) ("[A]n appeal from a denial of a Motion for Reconsideration brings up the underlying judgment for review.").

4

falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 256-57 (3d Cir. 2013) (quoting EBC, Inc. v. Clark Bldg. Sys., 618 F.3d 253, 275 (3d Cir. 2010)).  Coulter claimed that she "was deceived into making the Loan, based on knowingly untruthful statements by Donnelly about both the Center's financial circumstances at that time, as well as Donnelly's assurances that Donnelly had secured the approval of the Center's Board of Directors for Donnelly to accept the terms of the Loan Agreement (while Donnelly was acting in her role as Executive Director of the Community Center)."  (ECF 302 at 5).  But, as explained below, the summary judgment record, viewed in the light most favorable to Coulter, supports the District Court's conclusion that no reasonable jury could find by clear and convincing evidence that Donnelly's statements to Coulter were false or that the statements were made with the intent of misleading Coulter.

Coulter asserted that she was induced into making the loan based on Donnelly's representation that the Dunbar Center was in financial trouble solely because the Commonwealth of Pennsylvania had failed to reimburse the Center for expenses related to a food program.  This statement was false, according to Coulter, because the Dunbar Center's financial difficulties were caused by factors beyond the delayed reimbursement from the Commonwealth.  In support of that claim, Coulter cited the Center's purported initiation of a loan request in September 2013, tax forms supposedly indicating that the

5

Center was "hemorrhaging cash for years," and an alleged failure to successfully fundraise. (ECF 302, at 12, 24 of 30.) But that evidence does not establish that Donnelly's statement about the Center's finances was false. Instead, it merely provides a partial picture of the Dunbar's finances over the course of several years. Moreover, the record does not establish that Donnelly made the statement with the intent to mislead Coulter. Donnelly claimed that she did not remember telling Coulter about the Center's finances and asserted that it would have been out of character for her to ask Coulter for a loan. (ECF 299-1, at 63, 67 of 539.) Notably, Coulter asserted that she initiated the loan offer, without being solicited by Donnelly or anyone at the Dunbar Center. (ECF 299-1, at 212 of 539.)

Coulter further claimed that Donnelly falsely represented that the Board had approved the loan, when in fact the Board had been led to believe that the $50,000 was a donation. The defendants asserted that Donnelly's statement to Coulter was not false. In support of that contention, the defendants submitted affidavits from a fundraiser at the Dunbar Center, Heather Dovenspike, as well as two board members, Louise Baldauf and Lorraine DiDomenico. Dovenspike remembered that Donnelly "told the board that there was a friend that offered to loan the money interest [free] until the other money that Dunbar was waiting for came through." (ECF 299-1, at 423 of 539.) Baldauf recalled that Donnelly "presented and told us at a meeting that we had a loan from a friend of hers." (Id. at 519.) DiDomenico stated that Donnelly "said that she [was] getting some type of a loan from a friend that cared about Dunbar and that it was anonymous and that

6

it was interest free." (Id. at 469.) Coulter did not "come forward with specific facts" showing that there is a genuine issue for trial concerning whether Donnelly made a false statement about the Board's loan approval. See Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)) (internal quotation marks omitted). Accordingly, because there was no genuine issue of material fact about whether Coulter was fraudulently induced into providing the loan to the Dunbar Center, the District Court properly granted summary judgment in favor of the defendants.[3]

With respect to the claim that Coulter was fraudulently induced into discontinuing the loan interest and delaying legal action, the defendants are entitled to judgment as a matter of law. Coulter did not justifiably rely on a misrepresentation by the defendants or establish that any injury she suffered was proximately caused by a misrepresentation. According to Coulter, a representative of the Dunbar Center "conned" her "into believing that [the Center] was in possession of monies which were 'earmarked' for beginning repayment of the Loan—but that the … [representative] … use[d] the funds as a 'bargaining chip' to convince Coulter to discontinue" the interest payment requirement

---

[3] To the extent that Coulter alleged that defendants other than Donnelly fraudulently induced her into providing the loan, the District Court properly granted the defendants' motion for judgment on the pleadings. The factual allegations in the second amended complaint concerning Dovenspike and Jennifer Linn, an attorney for the Dunbar Center, pertain to conversations that occurred *after* Coulter entered into the loan agreement. In addition, the second amended complaint did not contain plausible factual allegations that the remaining defendants made any representations to Coulter concerning the loan.

7

and "delay[] commencement of legal action …." (ECF 100, at 11 of 16.)  At no point, however, did Coulter rely on that alleged misrepresentation to cancel the interest on the loan.  Instead, according to the complaint, Coulter notified the defendants that she would "immediately call the loan," informed them that "any amounts that remain unpaid would be subject to interest[,]" and "insisted that she be paid with any available funds, but refused to cancel the interest charges." (Id.)  Moreover, even if the alleged misrepresentation caused Coulter to delay the commencement of legal action, she has not demonstrated an injury that was proximately caused by that reliance, especially given that she was awarded $50,000 in her breach of contract claim.  Thus, District Court properly granted the defendants' motion to dismiss as to Coulter's claim that she was fraudulently induced into discontinuing the interest on the loan and delaying legal action.[4]

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[4] We also conclude that the District Court did not abuse its discretion in denying Coulter's Rule 59(e) motion because she did not set forth grounds for reconsideration, such as an intervening change in controlling law, new evidence, or a need to correct a clear error of fact or law or prevent manifest injustice.  See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).  There was also no abuse of discretion in the District Court's denial of Coulter's motion for recusal, which primarily was based on unfavorable rulings.  Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).